Ruffin, Judge.
 

 There is no ground for the objection, that the Superior Court proceeded
 
 to
 
 the trial before any sufficient return to the
 
 certiorari.
 
 That writ was improperly issued; as there was no defect in the transcript of the appeal, but only in that of the recognizance. The latter is no part of the record of the appeal, but is a distinct record, to be used as evidence on the trial of the appeal. The copy of that was not needed to bring the cause into the Superior Court. When the cause got tiiere, it was necessary proof. If the
 
 Attomey-Gcneral
 
 had received a defective copy, or a defectively certified copy, he was at full liberty to supply it by a new one, without a
 
 certiorari.
 
 For ought we know, he did. The evidence on which the Court below acted, is not stated in the case j and perhaps this Court ought, in
 
 *552
 
 strictness, to affirm the judgment, without saying more, since we do not see the error.
 

 „ • . But if we are to take the recognizance, as stated m ^ transcript f,.om the County Court, to be that used as evidence in the Superior Court, it will remain to be considered, whether it sustains the judgment.
 

 Tin
 
 sci.fa.
 
 alleges a recognizance entered into in Martin County Court, at Due-ember term, 1828, for the appearance of
 
 Cherry,
 
 at March term, 1829, of the same Court. The cause now stands on the single issue of
 
 mil tiel record.
 
 In the transcript,two entries appear at December term, 1828. One of them made shortly on the
 
 docket
 
 of recognizances, thus : “
 
 Job 8. Cherry.
 
 &c. recognized in the sum of two hundred dollars each, for the appearance of
 
 Job S. Cherry
 
 at the next term of this Court, on the second Monday of March next, &e. See recognizance.” The other inserted either on the general minutes of (he Court, or drawn up separately, purporting to be a formal recognizance, entered into in Martin “County Court of Law 1828.” without saying at what term, and to be conditioned fit*
 
 Cherrifs
 
 appearance “ at March term,” without saying of what year. At the foot, it is certified by the. Clerk to have been enten d into in ojien Court. After the appeal fotn the County Court, that Court ordeied this latter paper tobe amended by inserting “ December term 1828,” both in the capsion and at the f >ut, as the time of ; s acknowledgment, and “ 1829” in the body of n, as tbe year, in the March term of which
 
 Cherry
 
 was to appear.
 

 It is objected, that without r,,e amendments, the re* cognizance would not conform to the
 
 sd.fa',
 
 that they could not be mode ; or if (hey could, not after appeal.— In England, ail recognizances to tbe King are sued in the. same Court. Wuen forfeited, they are estreated and sent to toe Exchequer. The original gor-,, and it must then be perfect; hecausc Hiere is nothing in that Court by which it can be amended $ nor has the Court or ma
 
 *553
 
 gistrate, wlio took it, the power to amend, since the record is beyond their control. But when entered into before , , , a magistrate in trie County, he need not make up the record, technically speaking, at the time. He enters it in his book, and afterwards draws it out on parchment and files it in the proper Court. Yet it is a matter of record, by relation, from the time it was acknowledged. (1
 
 Chitty's C
 
 L. 72). Some person must be entrusted with such duties ; and the law supposes the integrity and responsibility of its judicial magistrates a sufficient warrant, that the record, as made up, will speak the truth. It cannot lie supposed, that the note of it “in the book?’ of the magistrate, contains a full copy of the recognizance, as af-terwards engrossed on parchment. Yet being made up, it is a record, and no averment can be made against it. It cannot be alleged, that the party never entered into a recognizance, nor that, as made up, it varies from the original note of it. Until the magistrate parts finally from it, lie may give it what form be likes; and he may rightfully give it any form consistent withthe truth. After tlie filing of it, ho cannot, either in England, or this State, alter it, for it has gone from him.
 

 But this is not the case with recognizances acknowledged in our.Courts.
 
 They
 
 are not commonly to be originally proceeded on in another Court, but only in that which takes them. They are not made up in separate parchments ; but notes of (hem are made on the minutes. As they are not contracts executed by the parties, such notes are sufficient, and from them formal recognizances may be drawn out at any time. If suits on them be removed to another Court by appeal, the original recognizance, as a distinct record enrolled by itself, is not sent up. Our law knows no method of removing the original record from one Court to another. Copies are used. If a defective transcript has been made, or the recognizance, itself defectively drawn up from the note, there is no
 
 *554
 
 reas0H wjly the Court should not supply the latter de-h'cb by having it truly» and in legal form, engrossed ; and the Clerk the former, by giving a new copy. Nei^)er jg an ol.¡g¡ria]) but both purport to be copies. Another Court cannot know, that a copy sent to them is riot a true copy. The transcript is to them the record, and is conclusive evidence. If at first it was defective, it makes no
 
 difference;
 
 for the appellate Court does not enquire, what reason the first Court acted on $ but whether sufficient evidence is before itself upon a trial
 
 de novo.
 
 One Court cannot falsify the record of another Court,- and for that purpose look at a variance between the recognizance, as made up and certified, and the original note of it. The Superior Court, cannot enquire, whether the County Court ought to have made up such a record, but whether it did make it up. A record states the matters of fact which occur in Court. Only that Court in which they occur, can know what they are. If the Clerk makes a slip, in drawing it up defectively, or does it falsely, as by inserting a-different sum, that the Court, the whole record being still with them, may have it properly enrolled, by reference to the first note of it, is a position, which is proved by the stating of it. Justice to all persons requires such a power, and the exercise of it. The probity of the Judge is our assurance in this, as in other cases, of the verity of our judicial proceedings. If it can be done before an appeal, it may be afterwards. Amendments are'constantly allowed, after
 
 error;
 
 to which effect numerous cases are collected in a late edition of
 
 Tidd’s Practice, p. 770
 
 ; and the Court of Error often waits, even, for the amendment to be made in the Court below. I conclude, that there was nothing imnroper, eiJier in the amendments, or the time of making them.
 

 But if there were, their propriety could not he questioned in a collateral proceeding. This is not an appeal
 
 *555
 
 from the order of amendment ; but from a judgment in a suit on the recognizance. Though liad it been the former, this Court could not help the Defendants: for, as I have before said, one Gouft cannot alter or question the record of another, as to matter of fact.
 

 Yet, if the amendment had not been made, the Court is of opinion, that enough appeared. The time when a recognizance is entered into sufficiently appears, by its being entered as of a particular term. The entry itself is evidence of that to the Court taking it
 
 ;
 
 and
 
 to
 
 another Court it appears, as many other matters do, by a separate caption. The time of appearance is expressly mentioned in the first note, set out in the transcript.— Upon every point, therefore, the judment below must be affirmed.
 

 Per Curiam. — Let the judgment of the Court below be affirmed.